IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PROSENIO WAGNER | : | CIVIL ACTION |
| | : | NO. 10-2513 |
| v. | : | |
| | : | |
| JULIO ALGARIN, et al. | : | |

O'NEILL, J.                                                                                                            DECEMBER 16, 2010

## MEMORANDUM

Plaintiff Proseno Wagner, formerly an inmate at the Montgomery County Correctional Facility, filed this lawsuit against eleven defendants.[1] In his complaint, he alleged that defendants violated his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. On August 24, 2010, defendants filed a motion to dismiss plaintiff's complaint. Plaintiff filed a response on October 13, 2010.[2] Defendants filed a reply on October 19, 2010. The motion is fully briefed and presently ripe for disposition. For the following reasons, I will grant defendants' motion to dismiss.[3]

---

[1] Plaintiff named the following eleven individuals as defendants in his lawsuit: (1) Julio Algarin, (2) Dennis Molyneaux, (3) James Frey, (4) Nancy T. McFarland, (5) Donald Gracia, (6) Edwin Camiel, (7) Joseph Pailin, (8) Edmund Justice, (9) Joseph Byrnes, (10) Wendy Demchick-Alloy and (11) Edwin Negron.
    Plaintiff initially filed the complaint on behalf of thirty of his co-inmates. On June 1, 2010, I dismissed his co-inmates as plaintiffs because they had not signed the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. See Order at ¶ 2 (Doc. No. 2).

[2] On September 13, 2010, I ordered plaintiff to respond to the motion to dismiss by October 13, 2010. See Order (Doc. No. 13).

[3] Plaintiff, in his response to defendant's motion for to dismiss, sets forth additional facts that support his constitutional claims. It is well-settled that a plaintiff may not amend his complaint "through any document short of an amended pleading." See Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.9 (3d Cir. 2002). Accordingly, in deciding the present motion to dismiss, I will disregard the additional factual allegations in plaintiff's response.

BACKGROUND

Plaintiff was incarcerated for an unspecified period of time at the Montgomery Country Correctional Facility. It is unclear from his complaint whether he was serving a sentence or merely being detained pending trial.[4]

Plaintiff alleges that while he was incarcerated at the MCCF he was required to sleep in "gyms," "M.P.R. rooms," "classrooms" and "3 and 4 man cells with less than the 60 [square feet] allowed per person." See Compl. at 4 (June 28, 2010) (Doc. No. 5). Each of the rooms in which he was required to sleep had "locks on the doors." Id. Plaintiff describes these sleeping arrangements as "hazardous." Id.

Plaintiff also alleges that his access to the MCCF's law library was restricted. Specifically, he contends that he was forced "to choose between [the] law library and the bathroom." Id. He also asserts that his ability to conduct legal research was impaired by "outdated books, torn pages, charging for Shepardizing and not being given adequate time per week in the law library." Id.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[4] On August 26, 2010, plaintiff notified the Court that he had been transferred to the State Correctional Institution at Camp Hill. See Notice of Address Change (Aug. 26, 2010) (Doc. No. 12).

of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to

3

relief.'" Iqbal, 129 S. Ct. at 1949.

Additionally, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Dickerson v. Brooks, 2007 WL 4689001, at *2 (W.D. Pa.), citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969), noting that a petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance." Pro se complaints, especially from civil rights plaintiffs, should be read liberally, as prisoners in particular are often at an informational disadvantage that may prevent them from pleading the full factual predicate for their claims. Alston v. Parker, 363 F.3d 229, 233-34 & n.6 (3d Cir. 2004). Because this plaintiff is a pro se litigant, I will consider his allegations of fact liberally and make inferences where necessary and appropriate.

## DISCUSSION

Defendants argue that plaintiff's complaint should be dismissed for five reasons. First, because plaintiff does not allege, as required by 42 U.S.C. § 1997e(e), that his "hazardous" sleeping conditions caused him any physical harm. Second, because plaintiff does not plausibly allege that he was deprived of "the minimal civilized measure of life's necessities" as required to state a claim under the Eighth Amendment. Third, because plaintiff does not allege that he suffered an actual injury as a result of having his access to the MCCF's law library restricted. Fourth, because plaintiff does not allege what role each of the defendants played in the violations of plaintiff's Constitutional rights. Finally, because each of the defendants are entitled to qualified immunity. I will discuss each argument in turn.

4

I.  Plaintiff Has Not Alleged a Physical Injury Sufficient To Satisfy the Requirements of 42 U.S.C. § 1997e(e)

42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Mitchell v. Horn, 318 F.3d 523, 533-34 (3d Cir. 2003), the Court of Appeals held that the alleged physical injury must be "more than de minimis." See Mitchell, 318 F.3d at 535-36. There, a prisoner had filed a complaint under 42 U.S.C. § 1983 alleging, inter alia, that he had been confined under constitutionally deficient conditions. The district court dismissed the plaintiff's complaint because it contained no allegations that the plaintiff had suffered physical injury. See id. at 533. On appeal, the plaintiff argued that his complaint satisfied the physical injury requirement because it contained allegations that he had been deprived of food, drink and sleep for four days. See id. The Court of Appeals disagreed. It acknowledged that "physical injuries could result from such deprivation after four days" but it held that "[l]oss of food, water, and sleep are not themselves physical injuries." See id. at 534.

Plaintiff's allegations in this case are insufficient for the same reason. He alleges that he was forced to sleep in gyms, classrooms, multipurpose rooms and overcrowded cells but does not allege that he suffered any physical injury as a result of his conditions of confinement. I will therefore dismiss plaintiff's unconstitutional conditions of confinement claim but grant plaintiff leave to amend his complaint to include allegations of the harm he suffered, if any.

II. Plaintiff's Complaint Does Not State a Plausible Claim Under Either the Fourteenth or Eighth Amendments

Defendants also argue that plaintiff's complaint does not plausibly allege that plaintiff

5

was subjected to unconstitutional conditions of confinement. Plaintiff's complaint does not state whether, at the time of the allegedly unconstitutional confinement, he was imprisoned as a pre-trial detainee or as a convicted prisoner. The distinction is important because conditions of confinement claims brought by pre-trial detainees are considered under the Fourteenth Amendment, while such claims brought by convicted prisoners are considered under the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Hubbard v. Taylor, 399 F.3d 150, 166-67 (3d Cir. 2005). "Due process[, under the Fourteenth Amendment,] requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." Id.

Plaintiff's complaint does not state a plausible claim under either standard. The Supreme Court has held that in determining whether a condition of confinement constitutes punishment and therefore a violation of a pre-trial detainee's Fourteenth Amendment rights: "[a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." See Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir. 2008). The Supreme Court has acknowledged that "confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment." Bell, 441 U.S. at 542. Plaintiff has not alleged any facts, however, that permit me to conclude that his conditions of confinement were imposed for the purpose of punishment. He does not allege how long he was housed under the allegedly unconstitutional conditions and does not identify any "genuine privations" or "hardships" that he was forced to endure. His complaint is thus insufficient to

state a claim under the Fourteenth Amendment.

Nor do the allegations in the complaint suffice, without more, to state a claim under the Eighth Amendment's prohibition of cruel and unusual punishment. "To prove a violation of the Eighth Amendment, a plaintiff must demonstrate that prison conditions deprived him of life's minimum necessities, that the deprivation was sufficiently serious, and that 'a prison official acted with deliberate indifference in subjecting him to that deprivation.'" Renchenski v. Williams, 622 F.3d 315, 338 (3d Cir. 2010). The fact alone that he was confined in rooms not expressly designed to accommodate prisoners is insufficient to implicate the Eighth Amendment. "The Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Likewise, absent allegations that the alleged triple and quadruple-celling of inmates caused "deprivations of essential food, medical care, or sanitation," "increase[d] violence among inmates" or created other "intolerable conditions" such triple and quadruple-celling of inmates does not by itself violate the Eighth Amendment. Id. at 348. Because plaintiff has not alleged that the prison overcrowding deprived him of "life's minimum necessities," his complaint does not state a claim for cruel and unusual punishment under the Eighth Amendment. Compare Sloan v. Brooks, No. 08-163, 2010 WL 3420675, at *5-6 (W.D. Aug. 10, 2010) (finding that plaintiff's "wrongful placement in disciplinary custody" did not constitute an Eighth Amendment violation because his "basic human needs" were unaffected), with Liles v. Camden Cnty. Dep't of Corr., 225 F. Supp. 2d 450, 462 (D.N.J. 2002) (denying defendant's motion for summary judgment where cell overcrowding caused fights to break out among inmates when water and urine splashed on inmates "as they slept on the floors of their cells next to the toilets.").

I will accordingly dismiss plaintiff's Eighth and Fourteenth Amendment claims but grant

7

him leave to amend his complaint to allege whether he was a pre-trial detainee or a prisoner serving a sentence of conviction. If he alleges that he was a pre-trial detainee, he should further allege facts supporting his claim that his conditions of confinement were imposed as punishment. If, on the other hand, he alleges that he was a prisoner serving a sentence of conviction, he should allege facts supporting his claim that his conditions of confinement were cruel and unusual, i.e., that the prison conditions "deprived him of life's minimum necessities, that the deprivation was sufficiently serious, and that 'a prison official acted with deliberate indifference in subjecting him to that deprivation.'" Renchenski, 622 F.3d at 338.

III.     Plaintiff Has Not Alleged that He Suffered an Actual Injury As a Result of His Allegedly Inadequate Access to the Courts

Defendants also argue that plaintiff has not alleged that he suffered an actual injury as a result of his allegedly inadequate access to the prison law library and therefore, under the rule set forth in Lewis v. Casey, 518 U.S. 343, 351 (1996), I must dismiss that claim. Plaintiff disagrees.

The United States Constitution guarantees plaintiff the right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-22 (1977). In order to make out a claim for violation of that right, plaintiff must allege not only how his right of access had been impaired by defendants but also the nature of the "actual injury" he suffered as a result of alleged impairment. Lewis v. Casey, 518 U.S. 343, 349-53 (1996). Plaintiff "cannot [allege] relevant actual injury simply by [alleging] that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351. Instead, plaintiff must allege "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which,

> because of deficiencies in the prison's legal assistance facilities, he
> could not have known. Or that he had suffered arguably actionable
> harm that he wished to bring before the courts, but was so stymied by
> inadequacies of the law library that he was unable even to file a
> complaint.

Id.

Plaintiff's complaint contains no allegation that he suffered an actual injury as a result of the prison's allegedly inadequate law library or its policy of "forcing plaintiff[] to choose between law library and the bathroom." Compl. at 4. I will therefore dismiss plaintiff's right of access claim but grant him leave to amend. If he chooses to file an amended complaint, plaintiff should allege the actual injury that befell him as a result of defendants' allegedly unconstitutional practices.

IV. Plaintiff Has Not Alleged What Role Each of the Defendants Played in the Violation of His Constitutional Rights

Defendants argue that I must dismiss plaintiff's section 1983 claims because he has not sufficiently alleged what role each of the defendants played in the constitutional violations. I agree. As defendants rightly point out, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). In order to set forth a plausible claim under section 1983, plaintiff must allege what role each of the defendant played in the alleged deprivation of his constitutional rights. Because the complaint presently contains no such allegations, I will dismiss his section 1983 claims but will grant plaintiff leave to amend his complaint to include the necessary factual allegations.[5]

---

[5] Having dismissed plaintiff's complaint in its entirety, I need not decide whether defendants are entitled to qualified immunity.

9

CONCLUSION

Plaintiff's complaint does not state a claim upon which relief can be granted. I will thus dismiss his complaint but grant plaintiff leave to amend.[6]

An appropriate Order follows.

---

[6] I note that plaintiff filed his complaint on the "[f]orm to be used by a prisoner filing a 42 U.S.C. § 1983 civil rights complaint in the United States District Court for the Eastern District of Pennsylvania." If plaintiff chooses to file an amended complaint, he may do so without using the form. The sufficiency of his complaint will depend on the allegations contained therein.